104 F.3d 357
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Gregory SCOTT, Defendant-Appellant.
 No. 96-1331.
 United States Court of Appeals, Second Circuit.
 Dec. 10, 1996.
 
 1
 Appeal from the United States District Court for the Southern District of New York.
 
 
 2
 APPEARING FOR APPELLANT: Lawrence F. Ruggiero New York, New York
 
 
 3
 APPEARING FOR APPELLEE: Mark A. Godsey, Assistant United States Attorney New York, New York
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 Before WALKER and LEVAL, Circuit Judges and STANTON,* District Judge.
 
 SUMMARY ORDER
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Duffy, K.), and was argued.
 
 
 8
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 9
 Defendant-appellant Gregory Scott appeals from a judgment and sentence entered by the district court on April 29, 1996 following a jury trial. Appellant was convicted of conspiracy to commit robbery and extortion by force in violation of the Hobbs Act, 18 U.S.C. § 1951, and extortion in violation of 18 U.S.C. § 1951 and 2. The district court sentenced appellant to a 168 month term of imprisonment and a 3 year term of supervised release.
 
 
 10
 Appellant's conviction is based on his conduct in extorting contractors at work sites in Harlem on three separate occasions. This conduct included restraining a subcontractor while another individual threatened the subcontractor with a gun and fired a shot at the subcontractor's feet. On another occasion, appellant seriously injured a laborer working for the subcontractor.
 
 
 11
 Appellant contends that there was insufficient evidence to support a conviction on the third count of his indictment, which involved appellant's participation in an incident where money was taken from a subcontractor. Although appellant argues that he was "assisting" the subcontractor by taking money out of the subcontractor's hand and handing it to the appellant's associate, who was brandishing a gun, we agree with the district court that a jury could reasonably infer that appellant's role in the incident established a violation of the Hobbs Act. The motion for a judgment of acquittal on the third count was properly denied because, viewing the evidence "in the light most favorable to the government, crediting all inferences that could have been drawn in the government's favor .... [a] jury might fairly have concluded that the defendant was guilty beyond a reasonable doubt." United States v. Matthews, 20 F.3d 538, 548 (2d Cir.1994) (citations omitted).
 
 
 12
 Appellant also argues that the district erred in denying his new trial motion, which was based on "new evidence." We do not find error in the district court's memorandum and order denying a new trial. The "new evidence" relates to the discovery that a subcontractor who testified at appellant's trial committed a violation of a New York labor law in 1989 by failing to pay a laborer during a two week period. Appellant did not present evidence that his actions were taken in an attempt to recover wrongfully withheld wages as part of a legitimate labor dispute. His attempt to argue that the "new evidence" would bolster his claim that the disputes were within the scope of the "labor exception" to the Hobbs Act, see United States v. Enmons, 410 U.S. 396 (1973), is without merit. We affirm the denial of the new trial motion because the district court did not commit error in finding that the evidence would not be admissible and, even if admissible, the evidence was not "so material and non-cumulative that its admission would probably lead to an acquittal." United States v. Spencer, 4 F.3d 115, 119 (2d Cir.1993) (internal quotations omitted).
 
 
 13
 We reject appellant's challenges to his sentence. The district court's denial of a three-level reduction for having a role in the offense that is between "minor" and "minimal" under U.S.S.G. § 3B1.2 was not "clearly erroneous," United States v. Martin, 78 F.3d 808, 814 (2d Cir.1996), given the appellant's significant role in the acts for which he was convicted.
 
 
 14
 Appellant's argument that the district court's explanation for sentencing him at the top of the guidelines range did not comply with 18 U.S.C. § 3553(c) is also without merit. Appellant raised no objection to the explanation before the district court, despite a specific inquiry made to appellant's counsel at the imposition of sentence. We do not find plain error in the district court's explanation, which discussed appellant's criminal history and the effect of his actions on the victims in sentencing appellant.
 
 
 15
 Appellant's argument, not raised below, that increasing his offense level because a firearm was discharged, see U.S.S.G. § 2B3.2(b)(3)(A)(i), and because of an express or implied threat of bodily injury, see U.S.S.G. § 2B3.2(b)(1), is also without merit. Appellant was involved in incidents where a firearm was discharged and incidents involving violence where a firearm was not involved. The increases applied by the district court do not constitute impermissible double counting.
 
 
 16
 We have considered all of appellant's contentions on this appeal and have found them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, sitting by designation